30 So.2d 37

## BURKETT v. STATE.

### 4 Div. 993.

Court of Appeals of Alabama.

April 15, 1947.

———◆———

No attorney marked for appellant.

A. A. Carmichael, Atty. Gen., and Mac Donald Gallion, Asst. Atty. Gen. for the State.

HARWOOD, Judge.

This appellant was indicted for engaging in the business of making bonds, and charging therefor, without first having obtained a license required for such business.

Appellant was by agreement tried before the court without a jury on an agreed statement of facts, the pertinent portions of such agreement being as follows:

"It is agreed that the defendant, Carl B. Burkett, has engaged in the business of signing and making appearance bonds in Houston County, Alabama, since October 1, 1945, and has made and signed various and sundry appearance bonds individually; that he has not obtained any license in his name to do so for said license year.

"It is further agreed that the said defendant and J. C. Knight would testify that on or about October 1, 1945, the said Carl B. Burkett, the defendant, and J. C. Knight entered into an agreement whereby the said Carl B. Burkett would sign and make appearance bonds and would split the bond fees on same with the said J. C. Knight, it being the understanding between the said J. C. Knight and the defendant that the defendant would operate under the license theretofore obtained by J. C. Knight in the name of J. C. Knight, individually; that in conformity with the said agreement between the defendant and J. C. Knight, the defendant did make various bonds from October 1, 1945 until, to-wit, the month of January, 1946, many of said bonds not being signed by J. C. Knight but being signed by the defendant as an individual but being considered by the defendant as a joint enterprise between him and J. C. Knight; that thereafter, either during the month of January or February, 1946 the defendant and J. C. Knight severed their relationship, and the defendant entered into an agreement with W. B. Kirkland whereby the defendant would make bonds, and that he did make various and sundry bonds thereafter, from said time, until the indictment in this case was returned by the Grand Jury, and did share with the said W. B. Kirkland certain fees obtained from the making of said bonds; that the said W. B. Kirkland had a license to do a bonding business in his name as an individual, and that the agreement between the said W. B. Kirkland and the defendant was a private agreement and that nowhere, on either the license issued to the said W. B. Kirkland or the said J. C. Knight, did the name of the defendant appear; that at the time the said W. B. Kirkland obtained the license in the name of W. B. Kirkland that it was agreed between him and the defendant that the defendant was to pay the said W. B. Kirkland one-half of the sum paid for the said license.

"It is further agreed that at the time the said license was paid by W. B. Kirkland, for the license in his name, that the same was paid by a check signed by the said W. B. Kirkland and delivered by the defendant,

Carl B. Burkett, to the license inspector, A. O. Walker.

"It is further agreed that the said license paid in the name of W. B. Kirkland was bought by the license inspector, A. O. Walker, in said name and delivered by the said A. O. Walker to W. B. Kirkland, and that thereafter, one, two or three days later, the defendant, Carl B. Burkett, carried the said license back to the Probate Office and endeavored to get his name entered on said license with W. B. Kirkland and was told by an employee in the Probate Office that they could not be changed."

Appellant was by the court found guilty as charged and his punishment fixed at a fine of $150.

Section 477, Title 51, Code of Alabama 1940, is as follows: "Each person engaged in the business of making bonds and charging for the same, except guaranty companies or corporations otherwise specifically licensed, one hundred dollars per annum. The payment of the license required by this schedule shall authorize the doing of business only in the town, city or county where paid. And that no person engaged in the business of making bonds and charging for the same shall be exempt from paying said license."

Section 834, Title 51, Code supra, makes it unlawful to carry on any business for which a license is required without first having obtained such license, and provides a sanction to enforce such provision.

The agreed statement of facts clearly shows that this appellant never acquired any license as a bond maker. He contends he was a member of a partnership engaged in making bonds. The agreed statement of facts further clearly shows that no license was ever obtained by any firm or partnership of which appellant was a member, but on the other hand the licenses issued to Knight and to Kirkland were issued to them as individuals. Such licenses conferred no privileges on this appellant.

While Section 840, Title 51, Code, supra, provides in paragraph (b) that "A business or privilege for which such license is issued is, under actual sale, transferred to a new ownership in which case a transfer of license may be effected by application to the probate judge originally issuing such license and the payment of a fee of fifty cents," nothing in the agreed statement of facts in anywise brings into operation in this case paragraph (b), supra.

Affirmed.